[Alabama Great Southern Railroad Co. v. Clark.]

# Alabama Great Southern Railroad Co. v. Clark.

### Action against Railroad Company to Recover Damages for Negligent Killing of Stock.

1. *Action for negligent killing of stock; fencing railroad; construction of statute; case at bar.*—The railroad commission ordered that a railroad company build a line of fence on each side of its roadbed sufficient to prevent live stock from entering upon the same between two designated points along said road, and that said railroad company "construct such stock gaps and crossing along that portion of its road protected by the fence herein ordered to be built, as may be necessary to enable" the owner of the land along that part of the road to go from one portion to another of their lands lying on opposite sides of said railroad track. Under this order, fences were built by said railroad company upon either side of the track designated by the order, except that at two or more places an open crossing thirty feet wide was left, stock gaps being constructed in the road-bed upon either side of the crossings and fences being erected from these gaps to and connecting with the main lateral lines of fence, but there were no gates to these crossings and stock at all times had free access to so much of the track and road-bed as lay within the limits of the width of said crossing. *Held*: That the statute which provides that if the fence is erected by a railroad company in conformity with the notice from the railroad commission, "no liability shall attach for stock injured or killed upon the portion of the line so fenced, unless such injury or killing was committed willfully," (Code, § 3495), has no application; and in an action against said railroad company to recover damages for the killing of stock which was alleged and shown to have been caused by the simple negligence of the defendant, the plaintiff is entitled to recover.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. JOHN C. ANDERSON.

This action was brought by the appellee, J. P. Clark, against the Alabama Great Southern Railroad Com-

pany to recover damages for the killing of a cow which was the property of the plaintiff.

The complaint averred "that the killing of said cow was caused by the negligence of the defendant or its employes or agents." The cause was tried upon the plea of the general issue. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The defendant moved the court to exclude the evidence introduced by the plaintiff as to the obstructions in the crossing where the accident was shown to have occurred, and as to ditches on either side of the road, because there was no allegation in the complaint of such facts, and because such evidence was irrelevant and immaterial. The court overruled such motion and the defendant duly excepted. Upon the plaintiff testifying that there were no gates on either side of the crossing where the cow was shown to have been killed, the defendant objected to such testimony and moved the court to exclude it from the jury, on the ground that the same was irrelevant and immaterial. The court overruled the objection and motion, and to this ruling the defendant duly excepted.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges and separately excepted to the court's refusal to give each of them as asked: (1.) "If you believe the evidence in this case, you should find for the defendant." (2.) "The jury is charged that you must find for the defendant, unless you believe from the evidence in the case, that the employes or servants of the defendant in charge of the train, willfully committed the act, which resulted in the killing of the cow in question." (3.) "The jury is charged that in this case, before they can return a verdict for the plaintiff, they must believe from the evidence in the case, that the killing was done by the defendant willfully." (4.) "To justify a verdict for the plaintiff in this case, you must believe from the evidence in the case, that the animal in question was killed, not only through the negligence or carelessness of the defendant, but that the killing

was willfully done by the servants or employes of the defendant in charge of the train, at the time the accident complained of occurred." (7.) "I charge you that the burden of proof in this case is upon the plaintiff to show to you that the animal was willfully killed by the defendant or its servants or agents."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

DANIEL COLLIER, for appellant, cited *Conrad v. Gray*, 109 Ala. 130; *R. & D. R. R. Co. v. Farmer*, 97 Ala. 141; *Choate v. So. R. Co.*, 119 Ala. 611.

VANDEGRAAFF & VERNER, contra.—The general affirmatative charge for the defendant should never be given when there is any conflict in the evidence, or adverse inferences can be drawn from such evidence.—*L. &N. R. R. Co v. Davis*, 103 Ala. 661; *L. & N. R. R. Co. v. Gentry*, 103 Ala. 635.

The running of a railroad train under such conditions or at such a rate of speed as renders it impossible for the agents having it in charge to avoid injury to animals straying on the track is negligence, rendering the company liable.—*L. & N. R. R. Co. v. Cochran*, 105 Ala. 354; *B. & M. R. R. Co. v. Harris*, 98 Ala 326.

McCLELLAN, C. J.—Section 3495 of the Code provides that when the Railroad Commissioners "deem it necessary that any railroad in this State, or any portion thereof, should be fenced, they shall notify the person or corporation operating such railroad of their conclusion; and upon failure, after reasonable notice, to fence such railroad, or the portion thereof designated, the person or corporation operating such railroad shall be liable in damages for the value of any stock injured or killed upon the portion of the line so designated to be fenced, whether with or without negligence; but if the fence is erected in conformity with the notice, no liability shall attach for stock injured or killed upon the

portion of the line so fenced, unless such injury or kill-
ing was committed willfully." The commissioners act-
ing under this section entered an order directing the
Alabama Great Southern Railroad Company to "build
two lines of fence, one on each side of its tracks or road-
bed, sufficient to prevent live stock from entering upon
the same, commencing at a point where the wire fence of
said Clark [one of the petitioners] connects with the
cattle-guard of said railroad company and running east
to the trestle near Finch's Ferry, the object being to
protect the pasture lands of the said petitioners, Messrs.
Clark and Kirksey." The pasture lands of Clark and
Kirksey severally lay upon both sides of that part of the
road thus directed to be fenced; and in view of this the
commissioners further ordered the company "to con-
struct such stock-gaps and crossings along that por-
tion of its road protected by the fence herein ordered
to be built, as may be necessary to enable petitioners,
Clark and Kirksey, to go from one portion to another
on their lands lying on opposite sides of said railroad
track." Fences were built by the company upon either
side of its track designated by the order, except that at
two or more places on the lands of the petitioners an
open crossing thirty feet wide was left, stock-gaps being
constructed in the road-bed upon either side of the
crossings and fences being erected from these gaps to
and connecting with the main lateral lines of fence, so
that stock could not enter upon the track on either side
of the crossing from the passage-way thus provided.
There were no gates to these crossings, and stock at all
times had free access to so much of the track and road-
bed as lay within the limits of their width. A cow be-
longing to Clark was killed in collision with a locomo-
tive on one of these crossings, and he brings this action
against the railroad company to recover damages for
her death averring that the "killing was caused by the
negligence of the defendant, or of its employes or
agents." The case was tried by a jury on the general
issue; and there was verdict and judgment for the plain-
tiff. From that judgment defendant prosecutes this ap-
peal. There was evidence properly before the jury tend-

ing to show that defendant was negligent in allowing the crossing to become obstructed or narrowed by allowing cross-ties and other "plunder" to be piled up there and by cutting ditches upon either side of the track, which obstructions made it somewhat difficult for enginemen to see cattle at the crossing and tended to impede their escape on the approach of trains. There was also a tendency of the evidence to show that the trainmen were negligent in the operation of the engine and train on the occasion of the injury. And there was room on the evidence for an inference of causal connection between these negligent acts or omissions and the killing of the animal. We do not understand that the appellant's counsel seriously contests these conclusions. But the insistence for the appellant is that this animal was killed on that part of the defendant's road where the fence required by the commissioners had been erected in conformity to their order, and that by the express terms of the statute the company is not liable in damages for her value although its servants may have been guilty of causal negligence in the premises, that the complaint counts on negligence only, that there is no evidence of willfulness on the part of the employes, and that both because willfulness is not counted on, and because there is no evidence of it, the defendant was entitled to the general affirmative charge requested by it on the trial. This conclusion must follow if counsel is correct in the position that the road at the point of the collision was fenced in conformity to the requirements of the commissioners. But we think this position ill taken. Nothing is clearer upon the evidence than that the track at that point was not fenced at all. There was to the contrary, an open crossing there on which cattle might assemble or over which they might pass without let or hindrance. If the order of the commissioners in respect of crossings is to be construed as authorizing such an open crossing, the effect of it is to relieve the company from fencing the part of the track and road-bed covered by the crossing, and so to leave the crossing unaffected by the statute. If on the other hand, their order is to be construed as requiring the

[Prinz, Exec. v. Weber.]

crossing itself to be inclosed and gates or bars for in-gress and egress through it, the fence has not been "erected in conformity to"their direction; and the case is equally without the influence of the statute. It is probable that this latter is the true construction of the order of the commissioners; but whether this or the other be adopted, the result is the same in this case: The statute has no operation in defendant's favor and none to the advantage of the plaintiff under this complaint counting on negligence. Though, of course if the order required defendant to inclose the crossing and to provide gates for passage through it—in short, required the crossing itself to be fenced but to be made accessible through gates or the like—the defendant would be liable on a proper complaint for stock killed on this unfenced crossing whether any negligence were shown or not.

What we have said will serve to show the considerations which lead us to hold that none of the exceptions reserved are meritorious.

Affirmed.